IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ELECTRICAL CORPORATION OF AMERICA, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 04-0718-CV-W-HFS ) |
| CITY OF KANSAS CITY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

Before the court is the motion of plaintiff, Electrical Corporation of America, Inc. ("ECA"), for attorney fees. All told, ECA seeks expenses in the amount of $1,000.94, and attorney fees in the amount of $137,706.00. Defendants, City of Kansas City, Missouri, and Mickey Dean, oppose ECA's request on the grounds that: (1) inasmuch as a final judgment has not been entered, the request is premature[1]; (2) ECA failed to submit time records and other documents in support of its motion; and (3) under 42 U.S.C. § 1988, ECA is not entitled to fees as a prevailing party only on its state law claim.

---

[1] An amended judgment was entered on October 7, 2005 (doc. 97); thus, this contention is moot.

Background

ECA commenced this litigation against defendants essentially asserting that it lost construction bids due to certain ordinances, i.e. the MBE/WBE program, that gave a preference to minority and women owned businesses.[2] In particular, ECA claimed that Mark One Electric Co., Inc. was erroneously certified as a women-owned business enterprise ("WBE") of appropriate size limitations and a general contractor authorized to do electrical subcontracting. A hearing was held on April 18, 2005, and during a continuance, ECA requested leave to file a second amended complaint adding a state law claim pursuant to RSMo. § 71.010 against defendants, and Mark One, who was previously added as a defendant to this action.

After receipt of post-hearing briefing, by a memorandum and order dated May 24, 2005 (doc. 84), ECA was granted summary judgment as to the state law claim asserted in Count IV; however, its motion seeking a preliminary injunction against the City's use of the affirmative action program was denied without prejudice.

Analysis

The "prevailing party" in a § 1983 action is generally entitled to "a reasonable attorney's fee." 42 U.S.C. § 1988. The Supreme Court has held that a plaintiff "prevails" when actual relief on the merits of a federal constitutional or statutory claim materially alters the legal relationship

---

[2]After commencing suit, on February 16, 2005, ECA filed a motion seeking a preliminary injunction enjoining defendants from enforcing the MBE/WBE program. During a telephone conference addressing this motion, I indicated my understanding that the allegations, as pleaded, appeared to express a concern with the administration of the program, not only the constitutionality of it. I advised the parties that a hearing could be conducted fairly soon as to the administration of the program, however, case law demonstrated that litigation regarding the constitutionality of such programs often continued for years.

between the parties by modifying the defendant's behavior in such a way that directly benefits the plaintiff. Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

As noted above, without discussing whether its behavior was modified in such a way as to directly benefit plaintiff, defendant city raises several arguments as to why attorneys' fees are inappropriate; specifically, that the dismissal of plaintiff's federal claims prohibits an award for attorneys' fees. On the one hand, defendant correctly argues that "a plaintiff who loses on the merits of its federal civil rights claim is not a 'prevailing party' for purposes of an award of attorneys' fees under 42 U.S.C. § 1988, even if it prevails on a related state law claim." John T. V. Marion Independent School Dist., 173 F.3d 684, 689 (8th Cir. 1999). In fashioning this opinion, the Eighth Circuit relied on its prior opinion in Warner v. Independent School Dist. No. 625, 134 F.3d 1333 (8th Cir. 1998). In Warner, the court found, in agreement with other circuits, that a plaintiff who loses on the merits of its federal civil rights claim is not a "prevailing party" for purposes of an attorneys' award under § 1988, even if it prevails on a related pendent state law claim. Warner, 134 F.3d at 1337. Thus, because plaintiff's federal claims brought under the Individuals with Disabilities Education Act ("IDEA") were expressly rejected by the Hearing Review Officer, attorneys' fees under § 1988 were properly denied; even though plaintiff was granted relief on her state claim. Id.

Nevertheless, the court in Warner recognized an exception noted in the legislative history of § 1988 which permits an award of attorneys' fees in cases in which relief is granted on a pendent non-federal claim to avoid reaching the federal constitutional claim. Warner, at 1337. The two requirements under that line of authority would be that "the constitutional claim be substantial" and that the constitutional claim and the pendent state law claim arise out of a "common nucleus of operative fact." Reel v. Arkansas Department of Correction, 672 F.2d 693. Plaintiff does not satisfy

3

me that either of those requirements have been met here–and, moreover, subsequent developments in the law apparently raise the bar to fee recovery.

As Judge Loken noted in the majority opinion in Warner, the fee recovery issue in Reel is closely related to the generous approach to fee allowances under the "catalyst theory." 134 F.3d at 1337. The theory was later rejected by the Supreme Court. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health and Human Resources, 582 U.S. 598 (2001). In his concurring opinion, Justice Scalia speculated that if the catalyst theory were reenacted by Congress, so that the constitutional claims not brought to judgment could sometimes be used to justify fee allowances, Congress would likely require a determination that "there was at least a substantial likelihood that the party requesting fees would have prevailed." 582 U.S. st 622. Plaintiff falls well short of such a demonstration.

Plaintiff cites, in support of its claim for fees, a First Circuit decision that was handed down some years before Buckhannon. Williams v. Hanover Housing Authority, 113 F.3d 1294 (1st Cir. 1997). In that case, the court required that the successful state law claim be "closely entwined" with the federal claim that remained undecided. This seems conceptually close to Reel's "common nucleus" rule. I find it unhelpful to plaintiff because, although the litigation of course involves the same general situation in all counts, there is a chasm between what was ruled by me and the general attack on "reverse discrimination" that plaintiff sought to litigate in its constitutional claim. Moreover, Williams turned on a variation of the "catalyst theory" rejected in Buckhannon. 113 F. 3d at 1299.

Returning to the John T case, even before Buckhannon it seems dispositive against plaintiff's fee claim. Although plaintiff succeeded there, as here, in its state law claim, the majority held that

4

t here could be no fee recovery while a "possibility" exists that the federal claim would fail. 173 F.3d at 689-90. As Judge Gibson's dissent points out, this is a severe limitation on fee recovery in such cases.

For these reasons the fee claim must be denied. It occurs to me, however, because an appeal may be considered, that I should express grave doubt that a large fee allowance would be made in any event. The decision turned on a rather simple, straight-forward interpretation of ordinances and regulations, based on facts th at were not in essential conflict. Thus, the case presented may have been somewhat overtried, at least on what I ultimately held to be controlling. Neither the constitutional claim nor the elaboration of factual background presented at the hearing was the key to such success as was achieved. As I previously observed, "very little testimony presented at the hearing was pertinent to the issues of semantics that are here dispositive."

The motion for fees and costs (ECF doc. 92) is therefore DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

December 27, 2005

Kansas City, Missouri